# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS MICHAEL GIECK, CDCR #K-76640<br><br>                    Plaintiff,<br><br>vs.<br><br>SELEAINA ANN THOMAS, et al.,<br><br>                    Defendants. | Civil No.   06-2719 IEG (JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**<br><br>**[Doc. No. 32]** |

   Before the Court is a First Amended Complaint ("FAC") filed by Plaintiff, a state prisoner currently incarcerated at Calipatria State Prison, proceeding pro se and *in forma pauperis*, pursuant to the Civil Rights Act, 42 U.S.C. § 1983.

## I.
### PROCEDURAL HISTORY

   On March 1, 2007, this Court found that Plaintiff's Amended Complaint survived the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore, a summons on the Amended Complaint was issued and the Court directed the U.S. Marshal to effect service of Plaintiff's FAC on his behalf pursuant to FED.R.CIV.P. 4(c)(2) and 28 U.S.C. § 1915(d) [Doc. No. 6]. On May 14, 2007 Defendants filed their Answer [Doc. No. 22]. On June 26, 2007, the Honorable Jan M. Adler, United States Magistrate Judge, entered a Case Management Conference Order Regulating Discovery and Other

Pretrial Proceedings pursuant to FED.R.CIV.P. 16, S.D. CAL. CIVLR 16.1 and FED.R.CIV.P. 26 [Doc No. 29].[1]

On July 5, 2007, Plaintiff submitted a Motion for Judgment on the Pleadings as well as a Motion/Request to File Separate Statement of Undisputed Material Facts pursuant to FED.R.CIV.P. 12(c) [Doc. Nos. 30, 32]. Defendants filed an Opposition to Plaintiff's Motion for Judgment on the Pleadings on August 7, 2007 [Doc. No. 45]. The Court has determined that Plaintiff's Motion is suitable for disposition upon the papers as submitted and that no oral argument is necessary. *See* S.D. CAL. CIVLR 7.1(d)(1).

## II.

### PLAINTIFF'S CLAIMS

Plaintiff's FAC alleges that Calipatria State Prison ("CAL") Nurse Practitioner Thomas, CAL staff psychologist Bellinger and CAL Chief Medical Officer Levin ("Defendants") violated his Fourteenth Amendment rights by subjecting him to "atypical and significant" hardships in October and November 2006. Specifically, Plaintiff claims Defendants issued "false psychiatric reports" and placed him in solitary confinement on suicide watch as a "reprisal[] for [his] lawsuits and medical board complaints against two Calipatria State Prison physicians." (*See* FAC at 3-4.)

## III.

### PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

**A.    FED.R.CIV.P. 12(c) Standard of Review**

Federal Rule of Civil Procedure 12(c) provides: "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved. FED.R.CIV.P. 12(c); *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

---

[1] While this case was randomly referred upon filing to the Honorable Jan M. Adler, United States Magistrate Judge, for disposition pursuant to 28 U.S.C. § 636(b)(1)(B), the Court has determined that a Report and Recommendation regarding the disposition of Plaintiff's current Motions [Doc Nos. 30, 32, 44] is unnecessary. *See* S. D. CAL. CIVLR 72.3(a) (assigning "[a]ll of the District's civil § 1983 prisoner caseload" to the District's magistrate judges for disposition either upon consent of all parties, or in absence of unanimous written consent, "upon submission of proposed findings and recommendations to the district judge, unless the district judge orders otherwise.").

1     "A judgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, the moving parties are entitled to judgment as a matter of law." *Smith v. National Steel & Shipbuilding Co.*, 125 F.3d 751, 753 (9th Cir. 1997); *George v. Pacific-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996) (citing *Yanez v. United States*, 63 F.3d 870, 872 (9th Cir. 1995)). Judgment on the pleadings is improper when the court must go beyond the pleadings to resolve an issue; if the court does so, such a proceeding must properly be treated as a motion for summary judgment. *See* FED.R.CIV.P. 12(c); *Hal Roach Studios, Inc*, 896 F.2d at 1550.[2]

### B. Application to Plaintiff's Motion

While Plaintiff's motion and the relief he is seeking is not entirely clear, Plaintiff does state that he is asking this Court "to hold the Defendants accountable for their actions." *See* Pl.'s Mot. at 9. Specifically, Plaintiff claims that he was held "against his will" in the outpatient housing unit ("OHU") and placed under a suicide watch based on allegedly "false psychiatric reports written by Defendants Thomas and Bellinger." *Id.* at 5.

Plaintiff is not entitled to judgment on the pleadings if the answer raises issues of fact or an affirmative defense, which, if proved, would defeat plaintiff's recovery. *See General Conference Corp. of Seventh-Day Adventist v. Seventh Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). Here, Defendants argue that they have asserted the defense of qualified immunity in their Answer to Plaintiff's First Amended Complaint. *See* Defs.' Answer at 5, Affirmative Defense No. 19.

### 1. Respondeat Superior Claims against Defendant Levin

In Plaintiff's First Amended Complaint he states that Defendant Levin is the "Chief Medical Officer in supervisory position over Defendants Thomas and Bellinger, and approved their suicide precaution." (FAC at 2.) A person deprives another "of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). There is no respondeat superior liability under 42

---

[2] The Court declines to convert this motion to a motion for summary judgment as Plaintiff has not received the required notice pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc) and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988) *Klingele* and *Rand* together require the district court "as a bare minimum," to ensure that a pro se prisoner has "fair notice of the requirements of the summary judgment rule." *Klingele*, 849 F.2d at 411 (quotations omitted).

1 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). That is, employers or supervisors will not be held liable for the acts of subordinates solely on the basis of the employment relationship. *Id.* Rather, the inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *See Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986).

To avoid the rule against respondeat superior liability, the plaintiff must allege and provide admissible factual support which shows that personal acts by the defendant had a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986). Under 42 U.S.C. § 1983, relief is available only against those who, through their personal involvement as evidenced by affirmative acts, participation in another's affirmative acts, or failure to perform legally required duties, cause the deprivation of the plaintiff's constitutionally protected rights. *Johnson*, 588 F.2d at 743.

Defendants argue that Plaintiff is not entitled to judgment on the pleadings as to Dr. Levin because he "has not and cannot establish Defendant Levin violated Plaintiff's federal civil rights." Defs.' Opp'n at 5. The Court agrees that it does not appear that any of the exhibits attached to Plaintiff's First Amendment Complaint reference any action or inaction taken by Defendant Levin. Thus, while Plaintiff has alleged sufficient facts to state personal involvement by Defendant Levin in the medical decisions relating to Plaintiff, these allegations alone do not justify an entry of judgment on the pleadings as to Defendant Levin at this stage of the proceedings.

**2.     Claims against Defendants Thomas and Bellinger**

Defendants also argue that Thomas and Bellinger did not violate Plaintiff's constitutional rights and characterize Plaintiff's claims as a "disagreement between an inmate/plaintiff" and "medical providers." *See* Defs.' Opp'n at 5 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). The Court agrees that this statement is true as it relates to an Eighth Amendment claim for deliberate indifference to a serious medical need. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (difference of opinion between a physician and a prisoner concerning the appropriate course of treatment does not amount to deliberate indifference.) However, Plaintiff is alleging that his due process rights under the Fourteenth Amendment were violated when he was allegedly forcibly medicated and placed in the OHU under

1  suicide watch.  (*See* FAC at 3-7.)  In his First Amended Complaint, Plaintiff alleges that Defendants
2  forcibly medicated him despite his written refusal to accept the medical treatment.  *Id.* at 4.  Prison
3  inmates have a liberty interest in avoiding the "unwanted administrations of antipsychotic drugs."
4  *Hydrick v. Hunter*, 466 F.3d 676, 696-97 (*citing Washington v. Harper*, 494 U.S. 210, 221-22 (1990)
5  (holding that prisoners possess "a significant liberty interest in avoiding the unwanted administration
6  of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment" and identifying
7  procedures which comported with due process)).

8      Defendants argue that even if Plaintiff is able to prove the allegations in his First Amended
9  Complaint, they have a valid affirmative defense of qualified immunity.  The entitlement to qualified
10 immunity "is an immunity from suit rather than a mere defense to liability."  *Mitchell v. Forsyth*, 472
11 U.S. 511, 526 (1985).  The defense of "qualified immunity" protects "government officials . . . from
12 liability for civil damages insofar as their conduct does not violate clearly established statutory or
13 constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S.
14 800, 818 (1982).  This standard "'gives ample room for mistaken judgments' by protecting 'all but the
15 plainly incompetent or those who knowingly violate the law.'"  *Hunter v. Bryant*, 502 U.S. 224, 229
16 (1991) (per curiam) (quoting *Malley v. Briggs*, 475 U.S. 335, 343 (1986)); *Jeffers v. Gomez*, 267 F.3d
17 895, 909 (9th Cir. 2001); *Saucier*, 533 U.S. at 205 ("The concern of the immunity inquiry is to
18 acknowledge that reasonable mistakes can be made as to the legal constraints on particular police
19 conduct.").

20     Both Defendants and Plaintiff use Plaintiff's medical records in support of their respective
21 positions.  In addition, counsel for the Defense indicates that she only received Plaintiff's medical
22 records pursuant to a subpoena duces tecum on the day that their opposition to this motion was to be
23 filed.  *See* Decl. of Karen Walter at ¶ 2.  Counsel further indicates in this declaration that she will
24 provide copies to Plaintiff.  *Id.* at ¶ 3.  The factual allegations and the interpretation of Plaintiff's
25 medical records creates a question of material fact that cannot be determined in a motion for judgment
26 on the pleadings.  Thus, even if Plaintiff is able to prove constitutional violations, Defendants have
27 raised a potentially valid defense of qualified immunity.  *Seventh-Day Adventist*, 887 F.2d at 231.
28 ///

## IV.

### CONCLUSION AND ORDER

Based on the foregoing, the Court hereby:

1) **DENIES**, without prejudice, Plaintiff's Motion to Participate Telephonically in Hearing on Motion for Judgment on the Pleadings [Doc. No. 44] as the Court did not hear oral argument and instead issued the following Order after taking the matter under submission on the papers pursuant to S.D. CAL. CIVLR 7.1(d)(1);

2) **DENIES** Plaintiff's Motion for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c) [Doc. No. 32]; and

3) **DENIES** Plaintiff's Request to File Separate Statement of Undisputed Material as the Court declines to convert Plaintiff's Motion for Judgment on the Pleadings to a Motion for Summary Judgment [Doc. No. 30].

**IT IS SO ORDERED.**

DATED: August 27, 2007

*Irma E. Gonzalez*
**HON. IRMA E. GONZALEZ, Chief Judge**
**United States District Court**
**Southern District of California**